David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
One E. Camelback Road, Suite 300
Phoenix, AZ 85012-1677
Telephone:   (602) 265-3332
Facsimile:   (602) 230-4482

Attorneys for the Plaintiff
Leslie Cuyler

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| LESLIE CUYLER,<br><br>                    Plaintiff,<br><br>v.<br><br>JACOBSON & ASSOCIATES LLC, and MARVAL AND ASSOCIATES LLC, | **Case Number:**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.    The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

1  collection practices are not competitively disadvantaged, and to promote
2  consistent State action to protect consumers against debt collection abuses.

3  2.  Leslie Cuyler, (Plaintiff), through Plaintiff's attorneys, brings this action to
4      challenge the actions of Jacobson & Associates LLC, and Marval and
5      Associates LLC, ("Defendants"), with regard to attempts by Defendants to
6      unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this
7      conduct caused Plaintiff damages.

8  3.  Plaintiff makes these allegations on information and belief, with the exception
9      of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which
10     Plaintiff alleges on personal knowledge.

11 4.  While many violations are described below with specificity, this Complaint
12     alleges violations of the statutes cited in their entirety.

13 5.  Unless otherwise stated, Plaintiff alleges that any violations by Defendants
14     were knowing and intentional, and that Defendants did not maintain
15     procedures reasonably adapted to avoid any such violation.

16                    **JURISDICTION AND VENUE**

17 6.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §
18     1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

19 7.  This action arises out of Defendants' violations of the Fair Debt Collection
20     Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Telephone
21     Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

22 8.  Because Defendants do business within the State of Arizona, personal
23     jurisdiction is established.

24 9.  Venue is proper pursuant to 28 U.S.C. § 1391.

25                         **PARTIES**

26 10. Plaintiff is a natural person who resides in the City of Mesa, County of
27     Maricopa, State of Arizona.

28

HYDE & SWIGART
Phoenix, Arizona

**HYDE & SWIGART**
Phoenix, Arizona

11.  Defendant Jacobson & Associates LLC ("Jacobson") is located in the City of Wilmington, the County of New Castle, and the State of Delaware.

12.  Defendant Marval and Associates LLC ("Marval") is located in the City of Wilmington, the County of New Castle, and the State of Delaware.

13.  Defendant Jacobson and Defendant Marval are a "person" as defined by 47 U.S.C. § 153 (10).

14.  Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.  Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16.  At all times relevant to this matter, Plaintiff was an individual residing within the State of Arizona.

17.  At all times relevant, Defendants conducted business within the State of Arizona.

18.  At all times relevant, Defendants were subject to the laws of the State of Arizona.

19.  Sometime before October 2009, Plaintiff is alleged to have incurred certain financial obligations.

20.  These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

21.  Sometime thereafter, but before October 2009, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to the validity of this alleged debt.

22. Subsequently, but before October 2009, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

23. On or about October 2009 Defendants began calling Plaintiff in an attempt to collect an alleged debt.

24. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

25. During these October 2009 calls, Defendant left a message on the answering machine or voice mail of Plaintiff and merely stated a telephone number that was subsequently determined to be the business of Defendant, along with a demand that Plaintiff call that number.

26. Without any legal exception, this communication did not provide the company name used by Defendant, thereby lacking meaningful disclosure of the caller's identity. Consequently, this communication violated 15 U.S.C. § 1692d(6).

27. Defendant failed to disclose in this initial communication with the consumer that Defendant was attempting to collect a debt and that any information obtained would be used for that purpose, and failed to disclose that the communication was from a debt collector.  Consequently, Defendant violated 15 U.S.C. § 1692e(11).

28. Not knowing who was calling, Plaintiff called Defendants and spoke to Defendants' agent James White. During this conversation, Plaintiff requested written information regarding the debt, and Plaintiff provided her current mailing address to ensure she received the requested information. Defendant's agent repeated Plaintiff's address to her and assured her that she would be receiving a letter in the mail.

29. Despite Plaintiff's request and providing a current mailing address, Plaintiff has not received any paperwork from Defendants.

HYDE & SWIGART
Phoenix, Arizona

30.   Defendant failed within five days after its initial communication with Plaintiffs, to provide written notification containing a statement that unless Plaintiffs, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiffs to provide a written notice containing a statement that if Plaintiffs notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiffs and a copy of such verification or judgment would be mailed to Plaintiffs by Defendant and that Defendant would provide Plaintiffs with the name and address of the original creditor. This omission by Defendant violated 15 U.S.C. § 1692g.

31.   During this same conversation with Defendants' agent, James White, Defendant threatened litigation in "Maricopa County." Defendants' agent also stated that "It won't matter, you will get notice from the Court before there will be anytime for [written information] to come in the mail"

32.   The natural consequence of this conduct was to harass, oppress, or abuse Plaintiff and it therefore violated 15 U.S.C. § 1692d.

33.   These statements by Defendant were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

34.   Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

35.   These statements also represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

HYDE & SWIGART
Phoenix, Arizona

36.   This call was also an unfair or unconscionable means to collect or attempt to collect a debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

37.   Despite not receiving anything in writing, Plaintiff searched the internet for an address of Defendants using the phone number left in messages, and the phone number displayed on Plaintiff's caller ID. Plaintiff was able to trace these phone numbers to Defendant Marval.

38.   On or about October 30, 2009, Plaintiff then sent Defendant Marval a dispute letter by certified mail asking for verification of the alleged debt.

39.   Defendants have yet to respond to Plaintiff's request.

40.   Between October and February, Defendants called Plaintiff several times, some weeks as often as everyday. Each time Defendants left messages on Plaintiff's voicemail.

41.   In these messages Defendants would reference a "pending civil matter," "fraud investigations," or "legal action."

42.   The natural consequence of this conduct was to harass, oppress, or abuse Plaintiff and it therefore violated 15 U.S.C. § 1692d.

43.   These statements by Defendant were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

44.   Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

45.   These statements also represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

46.   This call was also an unfair or unconscionable means to collect or attempt to collect a debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

47. On or about November 2, 2010, Defendants called and left a voicemail for Plaintiff stating, "Leslie, this is Ms. Hawk calling from Jacobson & Associates check fraud division regarding some fraudulent activity I have here in my office, filed in your name and SS# [XXXX], referencing a Wells Fargo Bank that does need your immediate attention. Leslie, if I do not hear from you or your legal representation, I will have to go ahead and contact your employer and let them know that you actually did this through their IPO address and you are doing fraudulent activity referencing the Wells Fargo Bank through your place of employment IPO address. I can be contacted at 716-828-8986 extension 113. It is imperative that I do speak to you or your legal representation regarding this matter. Thank you."

48. The natural consequence of this conduct was to harass, oppress, or abuse Plaintiff and it therefore violated 15 U.S.C. § 1692d.

49. These statements by Defendant were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

50. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

51. These statements also represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

52. This call was also an unfair or unconscionable means to collect or attempt to collect a debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

53. As a result of this voicemail, Plaintiff suffered a great deal of emotional distress and mental anguish due to the fear that these debt collectors would contact her place of employment with these false accusations.

HYDE & SWIGART
Phoenix, Arizona

HYDE & SWIGART
Phoenix, Arizona

54. Between October and February, Defendants called Plaintiff several times, some weeks as often as everyday, on Plaintiff's cellular telephone, via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1) and left automated pre-recorded messages on her voicemail.

55. Plaintiff is informed and believes, and thereon alleges, that the telephone number Defendants called was assigned to a cellular telephone service for which Plaintiff incurs a charge for all incoming calls pursuant to 47 U.S.C. § 227 (b)(1)(A)(iii).

56. Plaintiff is informed and believes, and thereon alleges, that these calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A).

57. Plaintiff is informed, believes, and thereupon alleges that Plaintiff did not provide express consent to receive calls on his cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

58. These calls by Defendants were in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

59. During these automated calls, Defendants would leave a message stating, "This message is solely for Leslie Cuyler. This message requires your immediate attention. Contact our local office at 716-828-8986 or toll free 877-252-0617. This is a time sensitive matter."

60. Without any legal exception, this communication did not provide the company name used by Defendant, thereby lacking meaningful disclosure of the caller's identity. Consequently, this communication violated 15 U.S.C. § 1692d(6).

61. Defendant failed to disclose that these communications were from a debt collector. Consequently, Defendant violated 15 U.S.C. § 1692e(11).

62. Plaintiff is informed and believes and thereon alleges that Defendant Jacobson was acting as an agent of Defendant Marval; Therefore, Defendant Marval

1   can be held responsible and is vicariously liable for the conduct of Defendant
2   Jacobson.

3   63.   Plaintiff is informed and believes and thereon alleges that Defendant Marval
4         was acting as an agent of Defendant Jacobson; Therefore, Defendant
5         Jacobson can be held responsible and is vicariously liable for the conduct of
6         Defendant Marval.

7   64.   Due to Defendant's actions Plaintiffs suffered a great deal of emotional
8         distress and mental anguish in the form of fear of answering the telephone,
9         sleeplessness, feelings of hopelessness, pessimism, nervousness, stress,
10        anxiety, impacting her job, and personal relationships.

11                                    COUNT I
12            FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
13                      15 U.S.C. §§ 1692 ET SEQ.

14  65.   Plaintiff repeats, re-alleges, and incorporates by reference, all other
15        paragraphs.

16  66.   The foregoing acts and omissions constitute numerous and multiple violations
17        of the FDCPA, including but not limited to each and every one of the above-
18        cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

19  67.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to
20        any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in
21        an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,
22        reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from
23        each and every defendant, jointly and severally.

24  //
25  //
26  //
27  //
28  //

HYDE & SWIGART
Phoenix, Arizona

## Count II

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 E*T SEQ.***

68.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

69.   The foregoing acts and omissions of Defendant Wells Fargo Bank constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

70.   As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT III

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**

**TELEPHONE CONSUMER PROTECTION ACT (TCPA)**

**47 U.S.C. § 227 E*T SEQ***

71.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72.   The foregoing acts and omissions of Defendant Wells Fargo Bank constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

73.   As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

//

//

HYDE & SWIGART
Phoenix, Arizona

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692 ET SEQ.**

74.   An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

75.   An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

76.   An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

77.   As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1)(B), Plaintiff is entitled to $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

**Count II**

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET SEQ.**

78.   As a result of Defendants' negligent violations of 47 U.S.C. § 227(d)(3)(A), Plaintiff is entitled to $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

79.   Any and all other relief that the Court deems just and proper.

**COUNT III**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**

**TELEPHONE CONSUMER PROTECTION ACT (TCPA)**

**47 U.S.C. § 227 ET SEQ**

80.   As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1)(B), Plaintiff is entitled to treble damages, as provided by statute, up

HYDE & SWIGART
Phoenix, Arizona

to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C)

81.  As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(d)(3)(B), Plaintiff is entitled to treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

82.  Any and all other relief that the Court deems just and proper.

### TRIAL BY JURY

83.  Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.


Date: February 10, 2010                     Hyde & Swigart

                                            By:__/s/ David J. McGlothlin___
                                            David J. McGlothlin
                                            Attorneys for the Plaintiff